UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TAMEKIA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:22-cv-06841 |
| | ) | |
| v. | ) | |
| | ) | |
| FOOT LOCKER RETAIL, INC. d/b/a CHAMPS US, | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

**NOW COMES** TAMEKIA WILLIAMS ("Plaintiff"), by and through the undersigned counsel, filing this Complaint against FOOT LOCKER RETAIL, INC. d/b/a CHAMPS US ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), seeking redress for Defendants race and color based harassment, race and color-baseddiscrimination, sex discrimination, and retaliation under Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. Plaintiff was employed by Defendant as an "employee" within the meaning of 42

U.S.C §2000e(f).

5. During the applicable limitations period, Defendant had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent have been fulfilled or been complied with.

7. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

8. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

9. This Complaint has been filed within ninety (90) days of her receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

10. At all times material to the allegations of this Complaint, Plaintiff resided in Cook County, Illinois.

11. At all times material to the allegations in this Complaint, Defendant is a corporation doing business in and for Cook County, Illinois, whose address is 288 Orland Square Drive, Orland Park, IL 60462.

12. At all times relevant, Plaintiff was employed and worked at Defendant's location at 288 Orland Square Drive, Orland Park, IL 60462.

## BACKGROUND FACTS

13. In or around late 2010, Plaintiff began working for Defendant.

14. In 2013, Plaintiff was promoted to store manager.

15. Plaintiff was never subjected to any discipline during her time with Defendant.

16. Plaintiff is an African-American female.

17. In 2018, a new General Manager, Wynn East, became Plaintiff's supervisor.

18. At this moment, Plaintiff's start experiencing harassment on the basis of her race, color, and sex.

19. Subsequent to Mr. East becoming Plaintiff's supervisor, Plaintiff has been subjected to near-constant racially motivated comments, including but not limited to:

- "You can take the girl out the of hood, but you cannot take the hood out of the girl";
- "You're ghetto but that's okay, you are good to work at urban stores"; and
- "You're rough around the edges, which is good for urban stores."

20. Mr. East continued to make racially motivated comments directed toward Plaintiff. Mr. East did not make these comment toward non-African-American employees.

21. In 2021, Mr. East was promoted to a director-level position.

22. On or around March 22, 2022, Plaintiff attended a company-wide zoom meeting with several managers.

23. During this call, an unknown manager stated Plaintiff was a "West-side gangster." Mr. East followed this racially charged comment with a racially charged comment of his own, stating, "That's exactly what I thought of her."

24. Subsequently, Plaintiff applied for a General Manager position. Mr. East informed Plaintiff that she was "not the look we are going for, you need to speak more like Rigo" referring to her Hispanic, male colleague.

25. Effectively, Defendant failed to promote me on the basis of my race, color, and sex.

3

26. Distraught by Mr. East's continuous harassment and discrimination, Plaintiff reported her conduct to Human Resources, speaking with a Ms. Christine McGhee.

27. Plaintiff made several subsequent reports to Ms. McGhee due to Mr. East's continuous offensive discriminatory language and conduct.

28. Defendant failed to take any action regarding Plaintiff's continuous complaints.

29. Defendant did not investigate Plaintiff's complaints.

30. Defendant did take any remedial measure after Plaintiff's complaint.

31. On April 2, 2022, suffering from extreme emotional anguish due to Defendant's failure to put an end to the hostile work environment, Plaintiff faced no alternative but to resign from her position.

32. Plaintiff was constructively terminated as Defendant cultivated a hostile and intolerable work environment

33. Plaintiff suffered multiple adverse employment actions including, but not limited to being constructively terminated.

## COUNT I
### Violation of 42 U.S.C. § 1981
### Race-Based and Color-Based Discrimination

34. Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

35. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

36. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of

systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

37. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

38. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

## COUNT II
**Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.
Race-Based and Color-Based Discrimination**

39. Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

40. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

41. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

42. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

43. By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

## COUNT IV
**Violation of Title VII of The Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.
Race-Based and Color-Based Harassment**

44. Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

5

45. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her race (African-American), in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

46. Defendant knew or should have known of the harassment.

47. The race harassment was severe or pervasive.

48. The race harassment was offensive subjectively and objectively.

49. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to her race (African-American).

50. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT VI
### Violation of 42 U.S.C. § 2000e, *et seq.*
### Retaliation

51. Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

52. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

53. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful race discrimination which created a sufficiently severe or pervasive work condition in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

54. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough

and objective investigation of Plaintiff's complaint of race discrimination.

55. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

56. By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the race-based discrimination, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

57. Plaintiff's suffered an adverse employment action by being constructively discharged.

58. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

59. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Compensatory and punitive damages;

    d. Reasonable attorneys' fees and costs;

    e. Award pre-judgment interest if applicable; and

    f. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 6th day of December, 2022.

/s/ *Alexander J. Taylor*
**ALEXANDER J. TAYLOR, ESQ.**
IL Bar No.: 6327679
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 272-1942
Fax (630) 575 - 8188
ataylor@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*